[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence November 8, 1995 Date of Application December 8, 1995 Date Application Filed December 8, 1995 Date of Decision January 28, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford — G.A. 16. Docket No. CR94-83088S; MV94-278775S;
Andra M. Mclanson, Esq., Defense Counsel, for Petitioner.
Carl E. Taylor, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of nolo contendere, petitioner was convicted of manslaughter in the second degree with a motor vehicle in CT Page 1355 violation of General Statutes § 53a-56b(a) and assault in the second degree with a motor vehicle in violation of § 53a-60d
(a).
A sentence of 100 months was imposed in the first count and sixty months on the second count. The sentences were to be served concurrently with a total effective sentence of eight years and four months.
The facts underlying petitioner's conviction indicate that on October 30, 1994, while operating a 1985 Lincoln Continental automobile, he crossed the center line of Simsbury Road into the oncoming traffic lane and collided head on with a Ford Escort being operated by a sixty one year old man who died as a result of such collision. His eight year old granddaughter was a passenger in the car at the time and suffered severe physical injuries as a result of the collision.
A chemical analysis of petitioner's blood indicated that at the time of the collision he had a blood alcohol level of 0.048 and the presence of opiates was indicated. Witnesses stated that prior to the collision, petitioner was operating his vehicle in a reckless manner and at a high rate of speed.
Petitioner himself suffered serious brain injuries as a result of the collision and has no memory of the event.
Petitioner's attorney requested that the sentence imposed be reduced. She pointed out that the plea of nolo contendere was necessitated by petitioner's lack of memory of the event due to his injuries. She also pointed out that although the blood test indicated the presence of opiates, in petitioner's system, the alcohol level was well under that required for operating under the influence.
The petitioner's attorney stated that her client was a well brought up young man from a supportive stable family with a religious background. He had never been a disciplinary problem and he extended his education beyond high school.
The attorney stated that perhaps the judge was overly affected by the emotionally charged sentencing hearing. The deceased victim was a well-respected member of the community and it was claimed that those participating in the sentencing proceeding put great pressure on the judge to impose a severe CT Page 1356 sentence. It was also argued that although petitioner consistently expressed sorrow for the injuries, the sentencing judge failed to take this into consideration.
The petitioner's attorney presented, what is claimed to be statistical evidence that the sentence imposed here was much more excessive than other sentences imposed for similar offenses.
Speaking on his own behalf, petitioner expressed his regret for the pain which he has caused and indicates that the responsibility remains with him constantly. He did request a sentence reduction, however, claiming that the sentence imposed was excessive.
The state's attorney argued against any reduction in sentence. He stressed the tremendous loss and suffering caused to the victims and their family as a result of petitioner's criminal conduct. He also pointed out petitioner's prior convictions, one for assault in the third degree and the other involving possession of narcotics.
The Division has consistently found that statistical information, such as provided by petitioner here, is not usually helpful. The facts in all cases differ and each petition must be considered on its own merits.
Petitioner has a history of substance abuse. Substance abuse certainly contributed to the irresponsible and criminal behavior which plaintiff engaged in and which caused the horrible results to the decedent and his granddaughter. Considering all of the factors involved, it cannot be found that the sentence imposed was excessive, inappropriate or disproportionate.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 1357